**No. 60738.**—Air Express International Corp. *v.* United States, protest 286114–K (New York).

Opinion by Johnson, J.  In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

**No. 60739.**—Air Express International Corp. *v.* United States, protest 286115–K (New York).

Opinion by Johnson, J.  In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

**No. 60740.**—Wander Seed & Bulb Co. *v.* United States, protest 293271–K (Los Angeles).

Opinion by Johnson, J.  In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

**No. 60741.**—American Thermo-Ware Company *v.* United States, protest 261124–K (New York).

Donlon, Judge:  Certain binoculars, in leather cases, imported from Japan, were assessed with 10 percent additional duty, because the collector found they were not marked as to country of origin, as required by section 304 of the Tariff Act of 1930, as amended.  The importation consisted of 100 binoculars, such as those here involved, and certain other binoculars, as to which the marking issue is not raised.  Of the 100 binoculars, 40 were marked after the collector raised the issue, and as to those binoculars no additional duty was assessed.  However, 60 binoculars were not surrendered for marking, and the additional duty relates to them.  It is against this additional duty that plaintiff has protested.

The record consists solely of the official papers.  No testimony was offered.  In the official papers, there is nothing which proves either that these 60 binoculars or their cases were marked, or, if marked, how they were marked.  To be sure, the notice to plaintiff (customs Form 4647), copy of which is with the official papers and, therefore, of record, has the print word "container" stricken out where the form refers to "the article (s) (or container (s))" or, as the case may be, to "the article (container) * * *."  Plaintiff relies on this as *proof* that the containers were adequately marked and builds its argument on that proof.

This is not so clear as plaintiff assumes.  The liquidation record shows that these binoculars were valued at $11.45 each, which assigns $687 as the value of the 60 binoculars here involved.  Yet, the additional duty of 10 percent was taken on a value of $700.30, which must indicate that something other than the value of the 60 binoculars was included in the base on which additional duty of 10 percent was taken.  While the figures are difficult to reconcile, that is plaintiff's responsibility.

However, even if this were cleared up, plaintiff has failed to prove ultimate sale of the binoculars in properly marked containers.

It would not be enough for plaintiff to prove that the containers were legally marked, even if it had proved this.  The Customs Administrative Act of 1938, effective when this merchandise was entered, defines the conditions under which legal marking of containers will suffice to lift the marking requirement from the contained merchandise.  Plaintiff argues that these conditions obtain, but proofs were not adduced on which the argument could be made.